UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN L. SPENCER, *Pro Se,* | ) | Case No.: 1:11 CV 328 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to Plaintiff, Brian L. Spencer *Pro Se* ("Plaintiff"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge James R. Knepp for preparation of a report and recommendation. Plaintiff asserted that the Administrative Law Judge's ("ALJ") decision improperly denied him Disability Insurance Benefits and Supplemental Security Income Benefits, given the significant limitations posed by his Crohn's Disease.

On January 27, 2012, Magistrate Judge Knepp submitted his Report and Recommendation ("R&R"), recommending finding that the Commissioner's decision was not supported by substantial evidence and that the case should be remanded for further proceedings. (ECF No. 22) Magistrate Judge Knepp found, after a review of the entire transcript, that there was not substantial evidence to support the ALJ's findings. (*Id*. at 15.) He ultimately concluded that the ALJ failed to adequately consider the nonexertional limitation of frequent bathroom use imposed by Plaintiff's diarrhea. (*Id*.) Magistrate Judge Knepp noted that, relying solely on Dr. Gota's note from October 2005, the "ALJ dismissed

any nonexertional limitation imposed by Plaintiff's diarrhea, saying Plaintiff reported 'he had been experiencing diarrhea off and on since April 2005, but that it was better since he had been treated with antibiotics.'" (*Id*. at 15-17.) The note stated that Plaintiff was "treated with antibiotics for [two] weeks. Diarrhea is better now, not watery[.]" (*Id*. at 17.) Magistrate Knepp found that this interpretation was incorrect, since "the thrust of Dr. Gota's statement is that Plaintiff's diarrhea was not as watery and bacteria-laden as before; Dr. Gota was *not* saying Plaintiff's diarrhea had ceased or become less frequent." (*Id*.) Further, Magistrate Judge Knepp concluded,

> there is no evidence suggesting Plaintiff's diarrhea ceased or became less frequent at any point, other than temporarily while on steroids. The overwhelming indication left by the objective medical evidence is that Plaintiff suffers from rather frequent, unavoidable flare-ups of his Crohn's disease that result in excessive diarrhea– diarrhea so excessive that he has often had to seek medical attention for dehydration.

(*Id*. at 17-18.) Magistrate Judge Knepp found that the record is "dominated by medical evidence of Plaintiff's frequent diarrhea, and devoid of evidence indicating it has ceased or become less frequent since the report by Dr. Gota that the ALJ relied on." (*Id*. at 18-19 (internal citations omitted).) In fact, if anything, he found that the record demonstrates that the frequency of diarrhea may have increased to up to eight times per day. (*Id*. at 19.) Records from the treating source indicate that less than two months before the ALJ hearing in 2008, Plaintiff had "lots of diarrhea" and a "recent worsening of diarrhea." (*Id*.) Therefore, Magistrate Judge Knepp found that, to the extent that the ALJ concluded that Plaintiff does not have a nonexertional limitation of frequent bathroom use caused by diarrhea, this finding is unsupported by substantial evidence.

Defendant has submitted objections to the Report and Recommendation. (ECF No. 23.) Defendant argues that although the magistrate judge offered one interpretation of Dr. Gota's 2005 treatment note, the opposite conclusion is entirely reasonable. Defendant asserts that the ALJ's decision was supported by substantial evidence and that, under the deferential standard of review, this court must affirm the Commissioner's decision. The court finds

Defendant's arguments are not well-taken.

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. The court finds that there is significant objective medical evidence demonstrating that Plaintiff's frequent diarrhea has not ceased, corroborating Plaintiff's claims. Although the number of times that Plaintiff may have diarrhea on any given day may vary, it is clear that flare ups of active Crohn's disease occurs regularly, and causes him to have the nonexertional limitation of frequent bathroom use. Very little evidence exists to support a contrary finding. Further, this type of nonexertional limitation is well-established. (*See* R&R at 16, ECF No. 22.) Therefore, the Commissioner must properly consider this nonexertional limitation in conjunction with the Vocational Expert's testimony that someone off task for at least 25% of the day would eliminate all work. There was no substantial evidence to support the finding of the ALJ that Plaintiff was capable of performing "other work that exists in significant numbers in the national economy." (Tr. at 20, ECF No. 13.) Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation, and remands this case for further proceedings consistent with this Order and Magistrate Judge Knepp's R&R. (ECF No. 22.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 29, 2012